## JOSIAH MOXLEY *v.* W. R. MAUPIN, ET AL.

**Usury—Principal and Surety.**

> Where a principal and surety are jointly sued and judgment is taken by default and paid by the surety, who takes a transfer of the judgment and attempts to collect it from his principal, the principal may not legally set up that there was usury embraced in the judgment to defeat its enforcement by the surety.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

March 16, 1878.

OPINION BY JUDGE COFER:

Moxley was sued jointly with Maupin by Moore's curator, and allowed judgment to go by default for the amount of the debt, including usury. Maupin then paid off the judgment and took a transfer, and it is now insisted that Moxley may set up the usury embraced in the judgment to defeat its enforcement by his surety.

Having allowed judgment to go without objection, and the surety having paid it, Moxley has no right to resist the demand of the surety to be reimbursed. The payment is presumed to have been made at Moxley's request, and it would be strange indeed if, after having failed to set up the usury embraced in the note as a defense to the action, and after requesting his surety to pay the judgment, usury and all, he could set up the usury to defeat proceedings by the surety to recover the money thus paid.

The surety does not occupy the attitude of an ordinary assignee, but rather of an assignee who has taken an assignment of an obligation at the request of the obligor. As to that class of assignees it is well settled that the obligor waives all defenses existing at the time, and is bound to pay the debt, although he might not have been legally bound to pay it to the assignor.

Any other view of this case would enable the appellant to perpetrate a fraud upon his surety.

Judgment *affirmed.*

*W. H. Holt, Thomas Turner, for appellant.*

*Apperson & Reid, for appellees.*